UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BDO SEIDMAN LLP, } | |
| } | |
| Plaintiff, } | |
| VS. } | CIVIL ACTION NO. H-08-905 |
| } | |
| ALLIANTGROUP, L.P., } | |
| } | |
| Defendant. } | |

## **OPINION & ORDER**

Pending before the Court is Plaintiff BDO Seidman LLP ("BDO")'s Brief in Support of Request for Attorneys' Fees, and the response thereto. For the reasons explained below, the Court AWARDS the requested fees.

**I.     Standard**

Under the Lanham Act, a court may award reasonable attorneys' fees to the prevailing party in "exceptional cases." *See* 15 U.S.C. § 1117(a). "An exceptional case is one where the violative acts can be characterized as malicious, fraudulent, deliberate, or willful." *Seven-Up Co. v. Coca-Cola Co.*, 86 F.3d 1379, 1390 (5th Cir. 1996) (internal quotation marks omitted) (citing *Moore Bus. Forms, Inc. v. Ryu*, 960 F.2d 486, 491 (5th Cir. 1992)). A district court should consider all the facts and circumstances in determining whether a case is exceptional. *See CJC Holdings Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 65 & n.2 (5th Cir. 1992) (looking to patent case law for guidance on what constitutes an exceptional case). The prevailing party must demonstrate the exceptional nature of a case by clear and convincing evidence. *See CJC Holdings*, 979 F.2d at 65 (citing *Machinery Corp. of Am. v. Gullfiber AB*, 774 F.2d 467, 471 (Fed. Cir. 1985)). Once this showing has been made, the district court may award attorneys' fees

at its discretion. See *id*. (citing *Texas Pig Stands, Inc. v. Hard Rock Cafe Int'l, Inc.*, 951 F.2d 684 (5th Cir. Tex. 1992)).

An award of attorneys' fees under § 1117(a) generally "requires a showing of a high degree of culpability on the part of the infringer, for example, bad faith or fraud." *Texas Pig Stands*, 951 F.2d at 697. Deliberate copying does not make a case *per se* exceptional. *See CJC Holdings*, 979 F.2d at 65-66 (noting that an unpatented and uncopyrighted product can normally be copied). A good-faith effort to create elements of dissimilarity may render a case unexceptional, *see Taco Cabana*, 932 F.2d at 1128 (citing with approval *Roulo v. Russ Berrie & Co.*, 886 F.2d 931, 942 (7th Cir. 1989)), and "[a] district court normally should not find a case exceptional where the party presents what it in good faith believes may be a legitimate defense," *CJC Holdings*, 979 F.2d at 66 (citing *Gustafson, Inc. v. Intersystems Indus. Prods.*, 897 F.2d 508, 511 (Fed. Cir. 1990)). Additionally, lack of damages is an important factor in determining whether a case is exceptional. *See Texas Pig Stands*, 951 F.2d at 697 n.23.

II. **Analysis**

At the bench trial Plaintiff presented strong credible evidence that Defendant Alliantgroup, L.P., acted maliciously and deliberately in misappropriating Plaintiff's goodwill. Alliantgroup's representative, Lenart, admitted he was told that the marketing methods he was employing were misleading, yet persisted in using them. Furthermore, three Alliance members took the stand to explain how they were tricked into believing that Alliantgroup had an affiliation with BDO, which falsehood led them into entertaining further contact with Alliantgroup.

Alliantgroup attempts to argue that it had a good faith belief in a legitimate defense. In light, however, of the evidence submitted at the bench trial such a claim is simply not credible. Alliantgroup asserted that it made only 'nominative fair use' of the names BDO

and Alliance, but it became clear at trial that Alliantgroup had intentionally misled Alliance members into believing that there was an affiliation between Plaintiff and Defendant. Clearly such a use is not referential, comparative or otherwise permissible usage but a deliberate misappropriation of goodwill.

The only factor that might weigh in Defendant's favor is the lack of damages sustained by Plaintiff. Plaintiff submitted no evidence that it actually lost any specific clients as a result of Defendant's marketing campaign, but the whole scheme was designed to cause damages. For every client fooled by Alliantgroup into selecting its services, Plaintiff would lose a client

In light of the facts in this case, the Court finds it is "exceptional" and awards attorneys' fees to Plaintiff. Plaintiff has incurred these costs in a rightful attempt to protect against a deliberate and shameless abuse of its intellectual property aimed at causing it damage to its vital business interests. The Court turns next to the issue of amount.

III. **Amount.**

Plaintiff has submitted evidence on the amount of attorneys' fees incurred. Defendant has not challenged the evidence. Furthermore, Plaintiff's attorney charged, for the most part, an hourly rate of $300, which is reasonable, considering the complex nature of the case, the importance of the case to the client and the favorable result obtained. *See Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d 714, 717-18 (5th Cir. 1974). Accordingly, it is hereby

ORDERED that Defendant Alliantgroup, L.P. shall pay Plaintiff BDO Seidman LLP's attorneys fees, through July 2009, in the amount of $46,606.25.

SIGNED at Houston, Texas, this 15th day of July, 2009.

_____

MELINDA HARMON
UNITED STATES DISTRICT JUDGE